TRINETTE G. KENT (State Bar No. 222020)
3219 E Camelback Rd, #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Aaron L Johnson

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

| | |
|---|---|
| Aaron L Johnson, <br><br> Plaintiff, <br><br> vs. <br><br> Digital Media Solutions, <br><br> Defendant. | Case No.: **'21CV2040 CAB KSC** <br><br> **COMPLAINT FOR DAMAGES** <br><br> **FOR VIOLATIONS OF:** <br> **1. THE TELEPHONE CONSUMER PROTECTION ACT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff, Aaron L Johnson (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Digital Media Solutions (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in Santee, California, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Defendant is a business entity located in Clearwater, Florida, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

6. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

7. At all times mentioned herein, Plaintiff utilized a cellular telephone service and was assigned the following telephone number: 619-xxx-1891 (hereafter "Number").

8. Defendant placed calls to Plaintiff's Number in an attempt to solicit business from Plaintiff.

9. The aforementioned calls were placed using an artificial or prerecorded voice.

10. When Plaintiff answered calls from Defendant, he heard a prerecorded message and had to wait on the line to be transferred to a live representative.

11. In or around September of 2020, Plaintiff spoke with a live representative and requested that Defendant cease placing calls to him.

12. Plaintiff reiterated his request for Defendant to cease placing calls to him on several occasions thereafter.

13. Nevertheless, Defendant continued to place prerecorded calls to Plaintiff's Number.

14. Defendant's actions caused Plaintiff a great deal of frustration and inconvenience.

# COUNT I

# VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

15. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

16. The TCPA prohibits Defendant from using, other than for emergency purposes, an artificial or prerecorded voice when placing calls to Plaintiff's Number absent Plaintiff's prior express consent to do so. *See* 47 U.S.C. § 227(b)(1).

17. FCC regulations promulgated under the TCPA specifically prohibit Defendant from using an artificial or prerecorded voice to call Plaintiff's Number for the purpose of advertising or telemarketing absent Plaintiff's prior express written consent. *See* 47 C.F.R. § 64.1200(a)(2).

18. FCC regulations promulgated under the TCPA require that Plaintiff's consent be pursuant to a written agreement, signed by the Plaintiff, which contains Plaintiff's unambiguous assent to receiving calls using an artificial or prerecorded voice from Defendant. *See* 47 C.F.R. § 64.1200(f)(8).

19. Defendant called Plaintiff's Number using an artificial or prerecorded voice without Plaintiff's consent in that Defendant either never had Plaintiff's prior express consent to do so, or such consent was effectively revoked when Plaintiff requested that Defendant cease all further calls.

20. Defendant continued to willfully call Plaintiff's Number using an artificial or prerecorded voice knowing that it lacked the requisite consent to do so in violation of the TCPA.

21. Plaintiff was harmed and suffered damages as a result of Defendant's actions.

22. The TCPA creates a private right of action against persons who violate the Act.  *See* 47 U.S.C. § 227(b)(3).

23. As a result of each call made in violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages.

24. As a result of each call made knowingly and/or willingly in violation of the TCPA, Plaintiff may be entitled to an award of treble damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Statutory damages of $500.00 for each call determined to be in violation of the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

B. Treble damages for each violation determined to be willful and/or knowing under the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

C. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: December 6, 2021          TRINETTE G. KENT

By: ___/s/   Trinette G. Kent___
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Aaron L Johnson

COMPLAINT FOR DAMAGES