SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JAY T. RAMSEY Cal. Bar No. 273160
jramsey@sheppardmullin.com
1901 Avenue of the Stars #1600
Los Angeles, California 90067
Telephone:  310.228.2259
Facsimile:   310.228.3925

Attorney for Defendant

DIGITAL MEDIA SOLUTIONS, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON L. JOHNSON,<br><br>             Plaintiff,<br><br>       v.<br><br>DIGITAL MEDIA SOLUTIONS<br><br>             Defendant. | Case No. 3:21-cv-02040-CAB-KSC<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**<br><br>Hon. Cynthia A. Bashant |

Defendant Digital Media Solutions, LLC ("Defendant" or "DMS") submits this Answer with Affirmative Defenses to the Complaint filed by Plaintiff Aaron L Johnson ("Plaintiff").

### Jurisdiction

1. DMS denies the allegations in Paragraph 1.

2. DMS admits the allegations in Paragraph 2 for jurisdictional purposes only. DMS otherwise denies the allegations.

3. DMS admits the allegations in Paragraph 3 for jurisdictional purposes only. DMS otherwise denies the allegations.

### Parties

4. DMS lacks sufficient knowledge to admit or deny the allegations in Paragraph 4.

5. DMS admits that it has its principal place of business in Clearwater, Florida. DMS denies the remainder of the allegations in Paragraph 5.

### Allegations Common to All Counts

6. DMS denies the allegations in Paragraph 6.

7. DMS lacks sufficient knowledge to admit or deny the allegations in Paragraph 7.

8. DMS denies the allegations in Paragraph 8.

9. DMS denies the allegations in Paragraph 9.

10. DMS denies the allegations in Paragraph 10.

11. DMS denies the allegations in Paragraph 11.

12. DMS denies the allegations in Paragraph 12.

13. DMS denies the allegations in Paragraph 13.

14. DMS denies the allegations in Paragraph 14.

### Count I: Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

15. DMS incorporates its responses to Paragraphs 1-14 here.

16. DMS denies the allegations in Paragraph 16.

17. DMS denies the allegations in Paragraph 17.

18. DMS denies the allegations in Paragraph 18.

19. DMS denies the allegations in Paragraph 19.

20. DMS denies the allegations in Paragraph 20.

21. DMS denies the allegations in Paragraph 21.

22. Paragraph 22 calls for a legal conclusion. DMS denies the allegations in Paragraph 22 to the extent they vary, in any way, from the plain meaning of the statute.

23. DMS denies the allegations in Paragraph 23.

24. DMS denies the allegations in Paragraph 24.

## Affirmative Defenses

### First Affirmative Defense

1. The Court lacks personal jurisdiction over DMS.

### Second Affirmative Defense

2. DMS had TCPA-compliant prior express written consent to contact Johnson.

### Third Affirmative Defense

3. Johnson's claims are barred by waiver, estoppel, laches, and other equitable doctrines.

### Fourth Affirmative Defense

4. Johnson's claims are barred by his own wrongful conduct.

### Fifth Affirmative Defense

5. To the extent Johnson claims any damages beyond a mere statutory violation, he failed to mitigate those damages.

### Sixth Affirmative Defense

6. Johnson lacks standing to bring the asserted TCPA claims including because he suffered no harm beyond a bare statutory violation.

**Seventh Affirmative Defense**

7. DMS asserts all defenses, exceptions, and safe harbor provisions available in the TCPA and its implementing regulations, including any available defense of this kind from the time of the first alleged contact with Johnson through the present.

**Eighth Affirmative Defense**

8. DMS did not contact Johnson directly and did not use an agent to do so.

**Ninth Affirmative Defense**

9. Johnson's claims are barred, in whole or in part, by the doctrine of unclean hands.

**Tenth Affirmative Defense**

10. Any damages alleged or caused resulted from the actions of third parties or independent contractors that DMS did not control or have the right to control.

**Eleventh Affirmative Defense**

11. Johnson fails to plead entitlement to relief with sufficient clarity and specificity to support granting relief in his favor.

WHEREFORE, DMS, prays as follows:

(a) For dismissal of Plaintiff's Complaint, with prejudice;

(b) For an award of costs to the extent allowable under the law; and

(c) For any and further relief that the Court deems just and proper.

Dated: February 8, 2022        SHEPPARD MULLIN RICHTER & HAMPTON LLP

By      */s/ Jay T. Ramsey*
JAY T. RAMSEY
Attorneys for Defendant
DIGITAL MEDIA SOLUTIONS, LLC